UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE VARIOUS SOCIAL SECURITY FEE MOTIONS AND MOTIONS TO LIFT STAY, | ) ) ) ) ) ) ) ) ) ) ) | Civil Case Nos.<br><br>0:16-cv-0063-GFVT    0:16-cv-0092-GFVT<br>5:16-cv-0340-GFVT    5:16-cv-0402-GFVT<br>7:16-cv-0049-GFVT    7:16-cv-0061-GFVT<br>7:16-cv-0086-GFVT    7:16-cv-0110-GFVT<br>7:16-cv-0121-GFVT    7:16-cv-0139-GFVT<br>7:16-cv-0150-GFVT    7:16-cv-0161-GFVT<br>7:16-cv-0191-GFVT    7:16-cv-0198-GFVT<br>7:16-cv-0216-GFVT    7:16-cv-0242-GFVT<br>7:16-cv-0267-GFVT    7:16-cv-0294-GFVT<br>7:16-cv-0295-GFVT    7:17-cv-0017-GFVT<br>7:17-cv-0050-GFVT    7:17-cv-0077-GFVT<br>7:17-cv-0121-GFVT    7:17-cv-0141-GFVT<br>7:17-cv-0189-GFVT    7:18-cv-0005-GFVT |

**MEMORANDUM OPINION**
**&**
**ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I**

The Social Security Administration Office of the Inspector General noticed something strange—an astonishingly high approval of benefits for some of Eric C. Conn's clients. *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 793 (6th Cir. 2018). Believing that fraud was being perpetrated, the OIG began an investigation and identified Mr.Conn, Administrative Law Judge David Daugherty, and four doctors, Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Fredereric Huffnagle, M.D., and David P. Herr, D.O. as the culprits. *Id.* The OIG came to believe that Mr. Conn "submitted pre-completed 'template' Residual Functional Capacity ["RFC"] forms purportedly from [the four suspected doctors] [. . .] in support of the individuals' applications for benefits." *Id.* at 794. Using that information, the OIG flagged 1,787 cases,

including these plaintiffs, who they suspected were tainted by fraud. *Id.* As with all suspected fraud cases, this began the redetermination of benefits process. *Id.*

So, the Commissioner sent letters to around 1,500 individuals explaining there "was reason to believe fraud was involved" in determining their eligibility. *Id.* And, the letter explained that the Administration was required to "disregard [all] evidence from one of the [suspected] medical providers" if it was submitted by Eric C. Conn or his associates. *Id.* As a result, the SSA could not consider the suspected doctors' examinations of the plaintiffs, including testing performed and behavioral observations. *Id.* In all these cases the SSA has acknowledge that it excluded the medical records from one of the named doctors. No plaintiffs' benefits survived this redetermination process. *Id.* at 795.

A group of plaintiffs, similarly situated to these plaintiffs, challenged the legality of the SSA's redetermination process and won. In *Hicks*, the Sixth Circuit found that the SSA violated both the Due Process Clause of the Constitution and the Administrative Procedure Act. *Id.* at 792. The law required the plaintiffs have an opportunity to show their evidence was not tainted by fraud—and they were not. As a result, the plaintiffs were entitled to summary judgment. *Id.* at 813. Moreover, the Court found "evidence demonstrating that the ALJs [. . .] essentially rejected the only remaining medical opinions that could have established plaintiffs' claims based on the OIG's off-the-record determination that the records involved fraud determinations plaintiffs had no opportunity to rebut or contest." *Id.* Because the SSA's failure to comply with the APA's formal-adjudication requirements was not harmless, reversal and remand was required. *Id.* at 805.

On July 15, 2019, as of result of the Sixth Circuit's holding in *Hicks*, the Court, in each of the above styled actions, vacated the Commissioner's decision denying Plaintiffs' disability

2

claims. The Court also ordered Plaintiffs' benefits reinstated pending the Commissioner's decision on remand. Now, Plaintiffs in each case seek attorney fees under the Equal Access to Justice Act. In response, the Commissioner opposes the grant of attorney fees, requests the lifting of the stay in each matter, and cites *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556 (6th Cir. 2021), in which the Sixth Circuit upheld two Eastern District of Kentucky Judges' opinions denying attorney fees in cases with identical procedural posture to those before this Court.

## II

### A

The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Perket v. Sec'y of Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990). A "prevailing party" is one who succeeds on a significant issue "which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). For the Government's position to be "substantially justified," the position must be "justified to a degree that could satisfy a reasonable person," meaning that the position has a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (6th Cir. 1988). The position of the Commissioner may be substantially justified even if the district court rejects it. *Couch v. Sec'y*

*of Health and Human Servs.*, 749 F.2d 359 (6th Cir. 1984). The Government has the burden of establishing substantial justification. *Scarborough v. Principi*, 541 U.S. 401, 408 (2004).

### B

In these matters, it is undisputed that the Plaintiffs are prevailing parties within the meaning of the EAJA because each received remand to the SSA under sentence four of 42 U.S.C. § 405(g). *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) ("[a] sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA […].")). Having made this threshold determination, the Court must determine whether the SSA's position was substantially justified. In related cases, both Chief Judge Danny C. Reeves and District Judge Joseph M. Hood have ruled that the SSA was substantially justified in its actions. *See Howard v. Saul*, 2019 U.S. Dist. LEXIS 177823 (E.D. Ky. October 15, 2019) and *In re Fee Motions*, 2020 U.S. Dist. LEXIS 4013 (E.D. Ky. January 9, 2020). These decisions were both upheld by the Sixth Circuit. *Griffith*, 987 F.3d 556.

In *Howard*, Chief Judge Reeves ruled that the Section 405(u) of Title 42 of the United States Code, which "outlines the procedure the SSA must apply in redetermining entitlement to benefits when there is a reason to believe that fraud or similar fault was involved in an application," left open gaps that the SSA had to fill. *Howard*, LEXIS 177823 at *11. Because of these gaps in the statutory framework, Judge Reeves found that the SSA's decision to exclude evidence derived from the medical professionals accused of fraud was mandated "when redetermination was based on an OIG referral or information from a law enforcement investigation." *Id.* at *12. Accordingly, Judge Reeves found that the Government's reliance on this mandate in supporting its position to deny Plaintiffs' benefits was substantially justified. *See id.* Upon review, the Court agrees with Judge Reeves that the statutory gaps in Title 42, as filled

4

by the SSA's Office of Disability Adjudication and Review and relied upon in the SSA's redetermination process, were reasonable and substantially justified, albeit incorrect.

Next, Judge Reeves found that, irrespective of the Sixth Circuit's decision in *Hicks* that the SSA's redetermination process violated the Due Process Clause, the constitutionality of the SSA's process "was open to reasonable disagreement" due to the flexibility of the tested mandated by *Matthews v. Eldridge*. *Howard,* LEXIS 177823 at *14 (citing *Matthews v. Eldridge*, 424 U.S. 319). Similarly, Judge Hood pointed to the flexibility of *Matthews* and the "strong interests" of both parties in concluding that "the Government's reasonable conclusion that the process comported with due process was substantially justified." *In re Fee Motions*, LEXIS 4013 at *14-*15. The Court agrees with both Judges that the *Matthews* test is flexible and that this matter did not involve a situation so clear-cut that the Government's argument that the factors balanced in its favor was not substantially justified.

Finally, Chief Judge Reeves found that the SSA's position in respect to the Administrative Procedure Act was also substantially justified. *Howard,* LEXIS 177823 at *17-*20. Specifically, Judge Reeves found that the SSA's belief that the redetermination process was not subject to the formal adjudication requirements was substantially justified because the SSA regulations could be reasonably read to "not require" that hearings be conducted. *Id.* at *18-*19. And Judges Reeves and Hood found the SSA's position to be substantially justified even though the Sixth Circuit indicated that the SSA's treatment of "OIG-based determinations of fraud differently than SSA-based determinations of fraud" was arbitrary and capricious. *Hicks*, 909 F.3d at 807-808; *Howard*, LEXIS 1778223 at *17; *In re Fee Motions*, LEXIS 4013 at *15-*16.

Upon review, the Court agrees with its fellow district judges that the SSA's position as to the APA's requirements were substantially justified, albeit incorrect.

### III

Because the Court is in agreement with the holdings of *Howard* and *In re Fee Motions*, and because the Sixth Circuit has upheld the holdings of those cases in *Griffith*, the Court **ORDERS** as follows:

1. Each Motion for Attorney's Fees in the above-styled cases is **DENIED**;

2. Each Motion to Lift Stay in the above-styled cases is **GRANTED**;

3. If any case in the above-styled caption does not have a Motion to Lift Stay pending, the stay is nonetheless **LIFTED** because the Court's prior Orders indicated that the stays in this matter were to expire upon the release of the Sixth Circuit's holding in *Hicks*.

This the 21st day of October, 2021.

Gregory F. Van Tatenhove
United States District Judge